# EXHIBIT A

FILED: WESTCHESTER COUNTY CLERK 03/22/2021 09:45 AM    INDEX NO. 53383/2021

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 03/22/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

MAR 2 4 2021

by the Village Clerk
Village of Dobbs Ferry, NY

-------------------------------------------------------------------- X

THE BOARD OF MANAGERS OF THE LANDING AT
DOBBS FERRY CONDOMINIUM AS SUCCESSOR IN       Index No.:          /2021
INTEREST TO THE LANDING AT DOBBS FERRY
HOME OWNERS ASSOCIATION,

                                    Plaintiff,

                                                    **SUMMONS WITH NOTICE**

                -against-

THE VILLAGE OF DOBBS FERRY,

                                    Defendant.
-------------------------------------------------------------------- X

**TO THE ABOVE-NAMED DEFENDANT:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer or, if the complaint is not served with this summons, to serve a notice of

appearance on Plaintiff's attorney within twenty (20) days after the service of this summons,

exclusive of the day of service (or within thirty (30) days after the service is complete if the

summons is not personally delivered to you within the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default for the relief demanded

in the complaint.

Dated:   New York, New York
         March 22, 2021                         Yours, etc.
                                                BRAVERMAN GREENSPUN, P.C.

                                        By:

                                                Jon Kolbrener, Esq.
                                                *Attorneys for Plaintiff*
                                                110 East 42nd Street, 17th Floor
                                                New York, New York 10017
                                                jkolbrener@braverlaw.net
                                                (212) 682-2900

{00449763;1}

## NOTICE

1.      The name and post office address of the Plaintiff and the Plaintiff's attorney are as follows:

Plaintiff: The Board of Managers of The Landing at Dobbs Ferry Condominium as successor in interest to The Landing at Dobbs Ferry Homeowners Association ("Board").

The plaintiff's address is:

One Clubhouse Dr
Dobbs Ferry, NY 10522

The service/mailing address is:

Board of Managers
Landing on the Water at Dobbs Ferry Condominium
C/O Hudson North Property Management
1053 Saw Mill River Road
Ardsley, NY 10502

Attorneys: Braverman Greenspun, P.C., 110 East 42nd Street, New York, New York 10017.

2.      The nature of the claim is:

The Board is seeking compensation for damages sustained as a result of the depravation of the use and enjoyment of the real property owned by the unit owners ("Unit Owners") of The Landing at Dobbs Ferry Condominium (Condo). The Unit Owners are the successors in interest to The Landing at Dobbs Ferry Home Owners Association ("HOA"). The Unit Owners own the real property of the Condo. Some of the real property of the Condo which is located outside of the four walls of each Unit Owner's residence, and is a part of the common elements of the Condo ("Common Elements"). The Unit Owners own the Common Elements. The Board is the entity authorized as a matter of law to bring this claim on behalf of the Unit Owners for the deprivation of their use and enjoyment of the Common Elements.

The Unit Owners have been deprived of the use and enjoyment of their real property by the Village. The deprivation of use and enjoyment was caused and created by the Village when it placed a lock ("Lock") on the gate ("Gate") located on the eastern side of the bridge ("Bridge") which traverses the railroad tracks which run in a north south direction, on the eastern bank of the Hudson River, and pass through the Common Element property owned by the Unit Owners. The Lock prevented the Unit Owners from gaining access to the Bridge and using the Bridge to traverse the railroad tracks and gain access to the parcel of land situated to the west of the railroad tracks, and to the east of the Hudson River, which parcel of land is otherwise known as the waterfront parcel ("Waterfront Parcel"). The Waterfront Parcel is a part of the Common Element property owned by the Unit Owners. The Bridge and Gate are also part of the Common Element property owned by the Unit Owners.

Case 7:21-cv-04916-VB Document 1-1 Filed 06/03/21 Page 4 of 7

The damages were sustained as a result of the negligence, carelessness, recklessness, and/or the intentional, willful and wanton acts of The Village, its departments, bureaus, agents, representatives, servants and/or employees, in violating and otherwise failing to abide by the terms of the Conservation Easement, which governs the rights and obligations of the Village regarding the Bridge and Waterfront Parcel.

The location of the claim can be identified as follows:

The location is within the property owned by The.Condo in the Village of Dobbs Ferry in the State of New York. The Lock is located on the Gate which is situated on the eastern side of the Bridge, adjacent to, and to the west of Clubhouse Drive, at the Common Element property owned by the Unit Owners. The Bridge traverses the railroad tracks which run in a north south direction on the eastern bank of the Hudson River. The Lock prevented the Unit Owners from gaining access to the Bridge and using the Bridge to traverse the railroad tracks and gain access to the Waterfront Parcel. The location of the claim includes the Lock, Gate, Bridge and Waterfront Parcel.

3.      The time when, the place where and the manner in which the claim arose:

The Claim arose on or about March 20, 2020 at or about 10:20am. The precise date and time are known to the Village since the Lock was placed on the Gate by the Village of Dobbs Ferry Police.

The damages were sustained because the Unit Owners were deprived of the right and ability to use, visit and enjoy the Waterfront Parcel, even though it is a part of the Common Elements of the Condo and as such, a part of Unit Owners' home, and despite the fact that the use and enjoyment of the Waterfront Parcel was necessary and appropriate to assist the Unit Owners in dealing with the emotional strain imposed by the confinement and social distancing orders issued by the Governor of the State of New York.

The claim arose as a result of the negligence, carelessness, recklessness, and/or willful, wonton and intentional acts of The Village, its agents, servants, representatives and employees, including but not limited to its Mayor, Village Board, Village Police, and Village Attorney, in failing to abide by the terms of the Conservation Easement, and in violating, and /or disregarding the constitutions, laws, statutes, rules and ordinances of the United States, the State of New York, and the Village of Dobbs Ferry. The acts and omissions of the Village constitute conversion, trespass, breach of the covenant of quiet use and enjoyment, breach of the Conservation Easement and Conservation Easement deeds, breach of the Environmental Conservation Law of the State of New York (ECL), and prima facie tort.

The Village failed to properly review the Conservation Easement Deeds, the ECL, the Constitutions of the United States and the State of New York, the New York State Executive Law at Section 24, the substantive law of the State of New York, the Executive orders of Governor Cuomo of the State of New York issued in connection with the Covid 19 outbreak and the Emergency Declaration of the Mayor of the Village issued in connection with the Covid 19 outbreak. As a result, the Village improperly and incorrectly concluded that it had the authority to place the Lock on the Gate and did so.

{00449763;1}                                     3

4836-6109-3569, v. 2

In addition, the Village failed to consider less restrictive methods of preventing access to the Waterfront Parcel. These included but were not limited to the key fob system, already in place at the Gate. The Key Fob system would not have deprived Unit Owners of access to the Bridge and Waterfront Parcel, but would have prevented non Unit Owners from gaining access to the Bridge and Waterfront Parcel

4.   The items of damages for injuries claimed are (including dollar amounts):

As a result of the conduct of the Village, the HOA was deprived of the right to use and enjoy the Bridge and Waterfront Parcel. The HOA seeks compensatory damages, punitive damages, and attorneys' fees.

## TOTAL AMOUNT CLAIMED

Compensatory Damages: One Million Dollars.

Punitive Damages: Three Million Dollars.

Attorney's fees in an amount to be set by the court following a hearing on the issue.

Interest, costs, and disbursements.

5. A claim for the payment of the damages sought in this Summons with Notice was presented to the Village of Dobbs Ferry. The Village has failed and or refused to settle the claims asserted by the Plaintiff.

Upon your failure to appear, judgment will be taken against you by default for the sum of $4,000,000.00, together with interest thereon, and together with the costs and disbursements of this action.

Dated:  New York, New York
        March 22, 2021

Yours, etc.
BRAVERMAN GREENSPUN, P.C.

By: _____

Jon Kolbrener, Esq.
*Attorneys for Plaintiff*
110 East 42nd Street, 17th Floor
New York, New York 10017
jkolbrener@braverlaw.net
(212) 682-2900

{00449763;1}                            4

4836-6109-3569, v. 2

Case 7:21-cv-04916-VB   Document 1-1   Filed 06/03/21   Page 6 of 7

To:    Village of Dobbs Ferry
       112 Main Street
       Dobbs Ferry, NY 10522

{00449763;1}               5

4836-6109-3569, v. 2

THE BOARD OF MANAGERS OF THE LANDING AT DOBBS FERRY
CONDOMINIUM AS SUCCESSOR IN INTEREST TO THE LANDING AT DOBBS
FERRY HOME OWNERS ASSOCIATION,

Plaintiff,

-against-

THE VILLAGE OF DOBBS FERRY,

Defendant.

## SUMMONS WITH NOTICE

## BRAVERMAN | GREENSPUN
A PROFESSIONAL CORPORATION

*Attorneys for*   Plaintiff

110 East 42ND Street, 17TH Floor
NEW YORK, NEW YORK 10017
(212) 682-2900

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ..................................   Signature ........................................................

Print Signer's Name........................................................

*Service of a copy of the within*                                     *is hereby admitted.*

*Dated:*

Attorney(s) for

PLEASE TAKE NOTICE

Check Applicable Box

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on            20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                               , one of the judges of the within-named Court,
at
on            20      , at            M.

*Dated:*

## BRAVERMAN | GREENSPUN
A PROFESSIONAL CORPORATION

Attorneys for

110 East 42ND Street, 17TH Floor
NEW YORK, NEW YORK 10017

*To:*

*Attorney(s) for*

{00500561;1}
4841-0360-4806_v. 1