```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
THE BOARD OF MANAGERS OF THE              :
LANDING AT DOBBS FERRY CONDOMINIUM :
AS SUCCESSOR IN INTEREST TO THE           :
LANDING AT DOBBS FERRY HOMEOWNERS :
ASSOCIATION, and on behalf of all unit owners, :     ORDER REMANDING CASE
both collectively and individually,               :
                            Plaintiff,            :     21 CV 4916 (VB)
                                                  :
v.                                                :
                                                  :
THE VILLAGE OF DOBBS FERRY,                       :
                            Defendant.            :
--------------------------------------------------------------x
```

Plaintiff commenced this action on March 22, 2021, in Supreme Court, Westchester County, by filing a Summons with Notice.  See CPLR 305(b).  In pertinent part, the notice states:

> The claim arose as a result of the negligence, carelessness, recklessness, and/or willful wonton and intentional acts of the Village . . . in failing to abide by the terms of the Conservation Easement, and in violating, and/or disregarding the constitutions, laws, statutes, rules and ordinances of the United States, the State of New York, and the Village of Dobbs Ferry.

(Doc. #6-1, at 3) (emphasis added).  Defendant was served with the Summons with Notice on March 24, 2021.  (Doc. #11, Exh. B).  Defendant timely demanded that plaintiff file a formal complaint pursuant to CPLR § 3012(b), and, after the parties agreed to an extension, plaintiff did so on May 18, 2021.  On June 3, 2021, defendant filed the notice of removal, removing the action to this Court based on federal question jurisdiction.  See 28 U.S.C. § 1331.

By letter-motion dated June 4, 2021, which the Court construed as a motion to remand, plaintiff contested the timeliness of the removal.  (Doc. #11).  The gist of plaintiff's motion is that the notice of removal was filed more than 30 days after defendant's receipt of the initial pleading—the Summons with Notice—from which it could have been ascertained that the case was removable, and thus the removal was untimely.  See 28 U.S.C. § 1446(b).

1

In response, defendant argues that removal was timely because the notice of removal was filed less than 30 days after defendant was served with the complaint, which is when it first became apparent to defendant that the action was removable.  Specifically, defendant contends that removal was not ascertainable from the Summons with Notice, because that pleading "did not assert federal causes of action or claims under any specific federal Constitutional provisions, statutes, or acts," and therefore "it did not trigger the Village's clock to remove the matter." (Doc. #12).

Plaintiff is right and defendant is wrong.

First, CPLR 305(b) requires only that the notice attached to the summons state "the nature of the action and the relief sought"; it does not require that a plaintiff assert claims under specific Constitutional provisions, statutes, or acts.  More importantly, for purposes of triggering the 30-day removal clock, the only question is whether the notice contains information from which a defendant may intelligently ascertain that the case is removable.  See Whitaker v. American Telecasting, Inc., 261 F.3d 196, 205-06 (2d Cir. 2001).

The Summons with Notice in this case clearly provides information from which defendant could have intelligently ascertained removability.  The notice explicitly states that plaintiff's claim arises out of acts of the Village of Dobbs Ferry that allegedly violated the Constitution and laws of the United States.  Thus, the Summons with Notice provides the necessary information to support removal based on federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") (emphasis added).  Oddly, defendant contends that even though the Summons with Notice says the claim arises out of violations of federal law, plaintiff's failure to identify a specific federal Constitutional provision or statute

"suggested to the Village that the Plaintiff did not actually intend to assert federal causes of action or claims under federal law." In other words, defendant says it failed to "ascertain" that the action was removable. But the fact that defendant failed to ascertain removability does not mean removability was not ascertainable. Certainly, it was. Therefore, removal was untimely.

Because this matter was resolved expeditiously without formal motion practice, and because there is no reason to believe defendant acted with an improper purpose in removing the action to federal court, the Court, in an exercise of its discretion, declines to require defendant to pay the costs and expenses plaintiff incurred as a result of the removal. See 28 U.S.C. § 1447(c).

## CONCLUSION

Plaintiff's motion to remand is GRANTED.

The Clerk is instructed to remand this case to Supreme Court, Westchester County, and close the case.

Dated: June 14, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge